[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff's motion for a deficiency judgment is dated February 11, 1998. It was filed in court on February 13, 1998. A judgment of strict foreclosure entered on February 26, 1996, and after appeal, a law date of January 12, 1998 was set for Charles A. Marland, the owner of the equity of redemption. Mr. Marland failed to redeem on his law date and title vested in the plaintiff on January 13, 1998.
Deficiency judgments are authorized by § 49-14 of the General Statutes:
Sec. 49-14. Deficiency judgment. (A) At any time within thirty days after the time limited for redemption has expired, any CT Page 6497 party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment.
At the hearing the defendant Marland opposed the motion on the grounds that it was untimely inasmuch as the motion, filed February 13, 1998 was not filed within thirty days after the time limited for redemption had expired. The thirty-day period contemplated by the statute, § 49-14, commences after the time allowed for redemption has expired, in this case, January 12, 1998. Case law establishes that the first day of the thirty-day calculation is not the day following the date that title vests in the plaintiff but rather, the day following the expiration of defendants' law date in the present case, January 13, 1998. Accordingly, the thirty-day period expired on February 11, 1998. Since plaintiff's motion was filed February 13, 1998, it was untimely and must be and is denied. First Federal Savings andLoan Association of Rochester v. Pellechia, 57 Conn. App. 423,425-427 (1995).
Dorsey, J.